### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA SCHRADER, | : | |
| Plaintiff | : | No. 1:21-CV-1559 |
| | : | |
| v. | : | (Judge Wilson) |
| | : | |
| DAVID W. SUNDAY, JR., *et al.*, | : | |
| Defendants. | : | *Electronically Filed* |

### <u>DEFENDANT SHAPIRO'S BRIEF IN OPPOSITION</u>

Regardless of her personal interest in disclosing confidential documents, Schrader does not possess any right to do so. Nothing within the penalties provisions of the Child Protective Services Law chills the speech of Schrader, or others, to articulate their belief in the innocence of another or the belief that a county agency failed in their duty to protect a child. What is expressly restricted, is the unauthorized release or use of confidential documents contained within the statewide child abuse database or within county agency records.

Pursuant to Local Rule 7.6 and in accordance with the Court's Order granting leave to exceed word and page limits, Defendant Shapiro files this Brief in Opposition to Plaintiff's Motion for a Preliminary Injunction because there is a compelling and critical need to maintain protection for the person reporting the abuse, the alleged victim, and the alleged perpetrator until such time that more details are learned or obtained to bring necessary charges. Plaintiff is unable to

succeed here because she is not in lawful possession of the underlying materials she wishes to republish and the information contained within those materials is not presumptively truthful.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:   */s/ Nicole R. DiTomo*

NICOLE R. DITOMO
Senior Deputy Attorney General
Attorney ID 315325

Office of Attorney General
1000 Madison Avenue, Suite 310
Norristown, PA 19403
Phone: (610) 631-6205

KAREN M. ROMANO
Chief Deputy Attorney General
Civil Litigation Section

nditomo@attorneygeneral.gov

Date:  October 12, 2021

Counsel for Defendant Shapiro

## **TABLE OF CONTENTS**

COUNTER PROCEDURAL HISTORY.....................................................................1

COUNTER STATEMENT OF FACTS ....................................................................1

    I.    Background .................................................................................................2
    II.   Statutory Framework ................................................................................4

QUESTIONS INVOLVED......................................................................................6

OPPOSITION ARGUMENTS ................................................................................7

    I.    Schrader Must Nonetheless Demonstrate Irreparable Harm ........................7
    II.   Schrader Does Not Have a Likelihood of Success on the Merits.................9

      A.   Releasing confidential material is not protected speech...........................9
      B.   Penalties provision of CPSL is constitutional...........................................9

        1.  Restricting the release of potentially unfounded reports of suspected
        child abuse to preserve the constitutional rights of others serves a
        compelling governmental interest.................................................10
        2.  Prohibiting the release of confidential information to any person not
        permitted to receive that information is narrowly tailored to preserve the
        rights of others. ......................................................................12

      C.   The penalty provision is not overly broad. ............................................17
      D.   Schrader's as-applied challenge fails....................................................18

    III.   Plaintiff Would Not Suffer Irreparable Injury if Preliminary Injunctive
    Relief Were Denied.......................................................................................18
    IV.   Granting the Requested Relief Will Result in Greater Harm to the
    Nonmoving Party. .........................................................................................20
    V.   Public Interest Is Not Furthered By Enjoining the Attorney General ........22

CONCLUSION ........................................................................................................24

# TABLE OF AUTHORITIES

## Federal Cases

*Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*,
  42 F.3d 1421 (3d Cir. 1994)..................................................................................21

*Ashcroft v. Am. Civil Liberties Union*,
  542 U.S. 656 (2004)..........................................................................................13

*Bennington Foods, LLC v. St. Croix Renaissance, Grp., LLP*,
  528 F.3d 176 (3d Cir. 2008)..............................................................................8

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983)............................................................................................20

*Free Speech Coal., Inc. v. Attorney General United States*,
  974 F.3d 408 (3d Cir. 2020)..............................................................................10

*Greater Phila. Chamber of Commerce v. City of Phila.*,
  949 F.3d 116 (3d Cir. 2020)..............................................................................8

*Holland v. Rosen*,
  895 F.3d 272 (3d Cir. 2018).............................................................................7, 8

*Instant Air Freight Co. v. C.F. Air Freight, Inc.*,
  882 F.3d 797 (3d Cir. 1989)..............................................................................18

*Issa v. Sch. Dist. of Lancaster*,
  847 F.3d 121 (3d Cir. 2017)..............................................................................21

*Los Angeles Police Dep't v. United Reporting Pub. Cor.*,
  528 U.S. 32 (1999)............................................................................................17

*Mulholland v. Gov't Cty. of Berks, Pa.*,
  706 F.3d 227 (3d Cir. 2013)............................................................................4, 11

*Peck v. McCann*,
  Case No. 19-03450, 2021 WL 927639 (10th Cir. March 11, 2021), *appeal filed*
  (April 12, 2021)................................................................................................14

*Pennsylvania v. Ritchie*,
  480 U.S. 39 (1987) ................................................................................... 10

*Reilly v. City of Harrisburg*,
  858 F.3d 173 (3d Cir. 2017) ................................................................... 8, 9

*Sampson v. Murray*,
  415 U.S. 61 (1964) ................................................................................... 19

*United States v. Playboy Entm't Grp. Inc.*,
  529 U.S. 803 (2000) ................................................................................. 13

*US. v. Nixon*,
  418 U.S. 683 (1974) ................................................................................. 22

*Williams-Yulee v. Fla. Bar*,
  575 U.S. 433 (2015) ................................................................................. 13

*Winter v. Nat. Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ....................................................................................... 8

**State Cases**

*Am. Future Sys., Inc. v. Better Bus. Bureau of Eastern Pa.*,
  923 A.2d 389 (Pa. 2007) .......................................................................... 23

*Commonwealth v. Kennedy*,
  604 A.2d 1036 (Pa. Super. Ct. 1992) ...................................................... 11

*Shade v. Comm. of Pa., Dep't of Transp.*,
  394 F. Supp. 1237 (Pa. 1975) ................................................................. 22

**Statutes**

Commonwealth Attorneys Act
71 P.S. § 732-204 ......................................................................................... 6
71 P.S. § 732-205(a) ................................................................................ 5, 21

Child Protective Services Law
Confidentiality of Reports, 23 Pa. C.S.A. § 6339 ................................... 5, 14
Definitions, 23 Pa. C.S.A. § 6303 ............................................................. 11

Disposition and Expunction of Unfounded Reports and General Protective Services
    Reports, 23 Pa. C.S.A. § 6337 ..............................................................................10
Findings and Purpose of Chapter, 23 Pa. C.S.A. § 6302(b) ....................................10
Information in Statewide Database, 23 Pa. C.S.A. § 6336..................................4, 14
Investigation of Reports, 23 Pa. C.S.A. § 6368......................................................10
Penalties for Unauthorized Release of Information, 23 Pa. C.S.A. § 6349(b) passim
Release of Information in Confidential Reports, 23 Pa. C.S.A. § 6340.............5, 15

**Rules**

Fed. R. Civ. P. 65 .......................................................................................................7

**Other Authorities**

Pa. Const. art. I, § 1................................................................................................23
Pa. Const. art. I, § 7................................................................................................23
Pa. Const. art. IV, § 4...............................................................................................6

## COUNTER PROCEDURAL HISTORY

On September 10, 2021, Plaintiff Victoria Schrader, through counsel, filed a complaint pursuant to 42 U.S.C. § 1983 against District Attorney David W. Sunday, Jr., who is separately represented in this matter, and Attorney General Josh Shapiro, in their official capacities. (Doc. 1 ¶¶ 2-4). After filing the complaint, Schrader, through counsel, filed a Motion for Preliminary Injunction and Supporting Brief. (Docs. 9-10). Defendant Shapiro submits this Brief in Opposition to the Motion for Preliminary Injunction.

## COUNTER STATEMENT OF FACTS

The complaint alleges that the penalties provision related to the unauthorized release of confidential information, Penalties for Unauthorized Release of Information, 23 Pa. C.S.A. § 6349(b), is unconstitutional as applied and on its face under the First Amendment. (*See* Doc. 1 ¶¶ 37, 41-42). As a form of relief to both challenges, Schrader requests, among other things, for the Court to permanently enjoin the Attorney General from criminally prosecuting or taking any other adverse action against her when she publishes, republishes, distributes, or otherwise shares the confidential information with others. (*See* Doc. 1 at Prayer for Relief).

## I.    Background

According to the well-pleaded facts set forth in Schrader's complaint and

motion for preliminary injunction, Dante Mullinix ("Mullinix") was a two-year old

child that tragically lost his life on September 16, 2018. (*See id.* ¶ 7; *see also* Doc.

10-1 ¶ 3-4). On December 20, 2018, the Commonwealth, through District Attorney

Sunday, charged Mr. Tyree Bowie ("Bowie") with, among other things, a count of

murder in the first degree for Mullinix's death. (*See id.* ¶¶ 7-9).

Prior to Mullinix's death, his aunt, Sarah Mercado ("Mercado") had made a

report to the York County Office of Children and Youth Services ("York County

CYS"). (*See id.* ¶ 11).[1] Mercado has asserted publicly that Bowie is innocent of the

crimes charged and has asserted her belief that York County CYS failed to take

appropriate steps against another suspected individual. (*See id.* ¶ 15).

During the course of Bowie's criminal proceeding, he was granted access to

the Department of Human Services' fatality/near fatality reports and documents

possessed by Adams and York Counties' CYS, which contained other confidential

---

[1]    Defendant Shapiro requests the court to take judicial notice of the
companion case to this action, *Sarah Mercado v. Sunday, Jr. and Shapiro*, No.
1:21-CV-01631, which is pending before this court, asserting identical legal
theories and seeking identical relief. *See Simchon v. Highgate Hotels, LP*, 2020
WL 5369987, * 7 (M.D. Pa. Sept. 8, 2020) (for the proposition that this court may
take judicial notice of companion cases.) To the extent that Ms. Mercado's
statement of facts are more expansive then what was presented herein, Defendant
Shapiro has noted a reference to a relevant averment found in "*Mercado* Doc. 1."

information from the statewide database, including notes by a case worker, which were generated in response to Mercado's report of alleged abuse, and notes by physicians. (*See id.* ¶¶ 10, 12-13; *see also Mercado*, Doc. 1 ¶ 13; Doc. 10-1 ¶ 18). After receiving these materials, Bowie sent them to Mercado. (*See id.* ¶ 14).

To support Mercado's beliefs, she created a Facebook page to publish the confidential York County CYS documents online. (*See id.* ¶ 16; *see also* Doc. 10-1 ¶ 21). Following the publication of the confidential documents online, District Attorney Sunday charged Mercado with a second-degree misdemeanor under Section 6249(b) of the Pennsylvania Child Protective Services Law ("CPSL"), 23 Pa. C.S.A. §§ 6301, *et seq.* (*See id.* ¶ 17). The charge against Mercado has been dismissed without prejudice. (*See Mercado*, Doc. 1 ¶ 21).

The Plaintiff in this instant action, Ms. Schrader, is Mercado's mother and Mullinix's maternal grandmother. (Doc. 1 ¶ 20). Schrader also holds the belief that York County CYS failed to take appropriate steps to protect Mullinix and desires to publish the confidential York County CYS documents to further advocate for Bowie's innocence. (*See id.* ¶¶ 21-22, 34).

Schrader fears that she may be prosecuted, by either the District Attorney or the Attorney General, in a similar fashion as Mercado if she republishes the confidential documents, but has not been threatened with prosecution by either defendant. (*See id.* ¶¶ 23-26, 31). Schrader alleges that she has a constitutional

right to re-publish and distribute "documents [which] concern the workings of government" without the fear of criminal prosecution. (*Mercado*, Doc. 1 ¶ 31; *see also Schrader*, Doc. 1 ¶ 35; Doc. 10 at 1). Schrader seeks to enjoin the District Attorney and the Attorney General from criminally prosecuting or taking any other adverse action against her for republishing or otherwise sharing the confidential documents. (*See* Doc. 1 at Prayer for Relief).

## II.  Statutory Framework

The child abuse registry, "known as ChildLine, is operated and maintained by the Pennsylvania Department of [Human Services]." *Mulholland v. Gov't Cty. of Berks, Pa.*, 706 F.3d 227, 231-232 (3d Cir. 2013).

The CPSL identifies more than two dozen categories of information that shall be included in the statewide database, including, but not limited to, identifying information about the subject of the report, the source of the report, whether services were provided or are planned to be provided, reasons the report of child abuse was determined to be founded, indicated, or unfounded, and reasons the report of general protective services was valid or invalid. *See* 23 Pa. C.S.A. § 6336 (1)-(23). While the heading of this section is entitled "Information in Statewide Database" nothing contained within states that these items are confidential or that these areas of information are prohibited from release. *See id.*

4

Separately, however, the CPSL identifies that any reports contained in the statewide database, including, but not limited to, report summaries of child abuse or reports written or photographs or X-rays taken concerning alleged instances of abuse shall be confidential. *See* 23 Pa. C.S.A. § 6339. These confidential reports shall only be made available to the individuals or entities enumerated within the chapter, of which Plaintiff is not one. 23 Pa. C.S.A. § 6340. Only the reports identified in Section 6339 are prohibited from being released to persons other than those identified in Section 6340. *See id.*

When read with the penalty provision contained in Section 6349, the release of the confidential report summaries or reports (or photographs) concerning alleged instances of abuse contained in the statewide database or county agency records, shall not be released to anyone not permitted to receive that information. 23 Pa. C.S.A. § 6349(b). A person who willfully releases or permits the release of confidential reports commits a misdemeanor of the second degree and, the person who violates this provision shall be denied access to the information. *See id.*

The Attorney General has the power to prosecute criminal charges under a limited number of specified cases. 71 P.S. § 732-205(a). Raised in the context of this litigation, the Attorney General shall prosecute criminal charges: (i.) after receiving a referral from a Commonwealth agency arising out of enforcement provisions of a statute charging the agency with a duty to enforce (§ 732-

5

205(a)(6)); or, (ii.) upon a request of a district attorney who lacks the resources to conduct an adequate investigation or where there is a potential for a conflict of interest (§ 732-205(a)(3)). (*See also* Doc. 1 ¶¶ 26, 28). Neither of which have occurred in this action. Uniquely here, the Attorney General is the chief law officer of the Commonwealth and shall exercise such powers and perform such duties as may be imposed by law. Pa. Const. art. IV, § 4. This includes the statutory duty to uphold and defend the constitutionality of all statutes. *See* 71 P.S. § 732-204.

## <u>QUESTIONS INVOLVED</u>

I.     Although the burden of establishing the constitutionality of a statute may rest on the government in this instance, should the Motion be denied because Schrader must nonetheless demonstrate irreparable harm, which she is unable to establish?

II.     Whether the Motion should be denied because Schrader is unlikely to prevail on the merits for either of her challenges because there is a compelling government interest that is narrowly-tailored?

III.     Whether the Motion should be denied because the penalty provision of the CPSL does not cause irreparable harm to free speech?

IV.     Whether the Motion should be denied because others, such as Defendant Shapiro, would be harmed with the injunction?

VI.     Whether the Motion should be denied because the public interest favors maintaining the confidentiality of reports until such time that more details are learned or obtained to bring necessary charges?

*Suggested Answer to All:*  Yes.

## OPPOSITION ARGUMENTS

Nothing within the penalties provisions of the Child Protective Services Law chills the speech of Schrader, or others, to articulate their belief in the innocence of another or the belief that a county agency failed in their duty to protect a child. What is expressly restricted, is the unauthorized release or use of confidential documents contained within the statewide child abuse database or within county agency records. From the arguments asserted herein, Defendant Shapiro requests that this Motion for a Preliminary Injunction be denied.

### I.   Schrader Must Nonetheless Demonstrate Irreparable Harm

Federal Rule of Civil Procedure 65 allows a district court to enter a preliminary injunction. Fed. R. Civ. P. 65. To obtain a preliminary injunction, plaintiff must establish: (1) that they are likely to prevail on the merits of the case; (2) that they would suffer irreparable harm if preliminary injunctive relief were denied; (3) that the harm defendant would suffer from the issuance of an injunction would not outweigh the harm plaintiff would suffer if an injunction were denied; and, (4) that the public interest weighs in favor of granting the injunction. *Holland v. Rosen*, 895 F.3d 272, 285-86 (3d Cir. 2018) (citations omitted).

Plaintiff is required to establish the first two factors and, if not established, the court need not consider the last two factors. *See Greater Phila. Chamber of Commerce v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020). If the plaintiff does establish the first two factors, "[t]he court then determines 'in its sound discretion

if all four factors, taken together, balance in favor of granting the requested preliminary relief.'" *Id.* (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)). A party seeking injunctive relief that would alter, rather than preserve, the status quo, "must meet a higher standard of showing irreparable harm in the absence of an injunction." *Bennington Foods, LLC v. St. Croix Renaissance, Grp., LLP*, 528 F.3d 176, 179 (3d Cir. 2008) (citations omitted). A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A preliminary injunction should only be awarded in the "limited circumstances" where "the movant, by a clear showing, carries the burden of persuasion." *Holland*, 895 F.3d at 285.

In First Amendment cases, the moving party must first "mak[e] a colorable claim" that the law restricts some form of speech. *Reilly*, 858 F.3d at 180 n.5. Then, the government must "justify its restriction on speech under whatever level of scrutiny is appropriate (intermediate or strict) given the restriction in question. *Id*. If the government succeeds in showing constitutionality, "then the motion for a preliminary injunction fails because there is no likelihood of success on the merits." *Id*. Even if the government cannot establish that the law is constitutional, the challenger must still demonstrate irreparable harm, even if presumed where a party's freedom of speech right is being infringed. *Id*.

8

## II.    Schrader Does Not Have a Likelihood of Success on the Merits

   *A.    Releasing confidential material is not protected speech.*

Regardless of whether Plaintiff describes the confidential materials as political speech, matters of public concern, or the workings of government, none of these categories are applicable here because the protection is made against the release of these agency materials, not Plaintiff's speech. Simply put, this law does not burden Plaintiff's speech.

The penalty provision prohibits the release of any information contained in the statewide database or the county agency records to any person not permitted by CPSL to receive that information. *See* 23 Pa. C.S.A. § 6349(b). Nothing prevents Plaintiff, or others, from speaking their truth. This provision simply prohibits the release of confidential materials that may or may not be truthful. *See id.* This is noted by the fact that Mercado was not charged until she published confidential information on her Facebook page. (Doc. 10-1 ¶¶ 21-22). Even then, she was only charged for disclosing confidential materials. (*See id.* ¶ 23).

   *B.    Penalties provision of CPSL is constitutional.*

Assuming *arguendo* that a strict scrutiny standard applies, the penalty provision of the CPSL is nonetheless constitutional. Strict scrutiny requires that a statute: (1) serves a compelling governmental interest; (2) is narrowly tailored to achieve that interest; and, (3) is the least restrictive means of advancing that

interest. *See Free Speech Coal., Inc. v. Attorney General United States*, 974 F.3d 408, 421 (3d Cir. 2020) (citations omitted).

> 1. Restricting the release of potentially unfounded reports of suspected child abuse to preserve the constitutional rights of others serves a compelling governmental interest.

One purpose of the CPSL was to encourage more complete reporting of suspected child abuse and to ensure county programs and procedures were in place to assess risk of harm and to respond adequately to meet the needs of the family and child. 23 Pa. C.S.A. § 6302(b). Plaintiff cites to no authority, and Defendant Shapiro has found none, which suggests that a report of suspected child abuse and the county agency investigative materials are presumptively truthful information. County agencies, among others, are charged with investigating reports of suspected child abuse, and their investigations could result in a disposition that the report is founded, indicated, or unfounded. *See* 23 Pa. C.S.A. § 6368. Even though the underlying report may be deemed unfounded it is retained in the statewide database for various periods of time. *See* 23 Pa. C.S.A. § 6337.

Under that backdrop, the reports and materials within the statewide database and county agency records are kept confidential to maintain protection for the person reporting the abuse, the alleged victim, and the alleged perpetrator until such time that more details are learned or obtained to bring necessary charges. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987) (U.S. Supreme Court, in reviewing

10

a similar statute, refers to "the Commonwealth's compelling interest in protecting its child-abuse information."); *see also Commonwealth v. Kennedy*, 604 A.2d 1036 (Pa. Super. Ct. 1992).

Plaintiff suggests that the government's interest here is speculative and hypothetical. (*See* Doc. 10 at 19-20). But the concern over truthfulness is not speculative based on the documents presented by Plaintiff. (*See* Doc. 10-3). Here news reports have published that between May 2017 and August 2018, Adams County CYS received multiple general protective service referrals, with one accepted, one determined to be invalid, and others that were screened out. (*See id*. at 7). A later report requesting protective services by Mercado in September 2018 was determined to be unfounded. (*See id.*; *see also* Doc. 10 at 25) (York Dispatch article recounts caseworker notes posted to Facebook by Mercado).

It is important to note that an indicated report, for example, "is appropriate if an investigation by the county agency or the [Department] determines that substantial evidence of the alleged abuse exists based on any of the following: (1) available medical evidence; (2) the child protective service investigation; (3) an admission of the acts of abuse by the perpetrator." *Mulholland*, 706 F.3d at 232 n.5 (citing 23 Pa. C.S.A. § 6303) (internal citations omitted). "Substantial evidence is evidence which outweighs inconsistent evidence and which a reasonable person would accept as adequate to support a conclusion." *Id*.

11

The concrete harm would be for this Court to provide some stamp of truthfulness on these internal documents that would otherwise be improper as nothing concludes that these specific materials or any materials contained within the statewide database are presumptively truthful information, or are otherwise substantial evidence that the alleged abuse occurred. Defendant Shapiro recognizes that Mercado has already rung the proverbial bell; however, her actions do not otherwise remove the confidentiality protections afforded to these materials to protect the interest identified.

This Court should not reward the actions of Mercado by granting Schrader the preliminary injunction sought. The interests of the government are compelling and prohibiting the release of the information is narrowly-tailored to survive strict scrutiny.

2. Prohibiting the release of confidential information to any person not permitted to receive that information is narrowly tailored to preserve the rights of others.

Section 6349(b) only prohibits the release of any confidential information contained in the statewide database or the county agency records to persons or agencies not permitted to receive that information. For the sake of this argument, it does not matter how Plaintiff, or others, obtained the material, however, it is a stretch of advocacy to state that Plaintiff, or others, obtained the material lawfully

12

as the statute identifies how one may lawfully obtain this information. (*See* Doc. 10 at 16-18).

When assessing whether a statute is narrowly tailored, "the court should ask whether the challenged regulation is the least restrictive means among available, effective alternatives." *Ashcroft v. Am. Civil Liberties Union*, 542 U.S. 656, 666 (2004). "When a plausible, less restrictive alternative is offered . . . it is the Government's obligation to prove that the alternative will be ineffective to achieve its goals." *United States v. Playboy Entm't Grp. Inc.*, 529 U.S. 803, 816 (2000). The First Amendment, however, "requires that [a statute] be narrowly tailored, not that it be perfectly tailored." *Williams-Yulee v. Fla. Bar*, 575 U.S. 433, 454 (2015) (citations omitted).

Plaintiff seems to suggest that the government should have done more to prevent Mercado from obtaining the confidential materials. (Doc. 10 at 24). For example, the government should have obtained a protective order or had stricter guidelines for the release of the information in the context of a criminal prosecution. (*See id.*)

These assertions are disingenuous and again, primarily rely on Plaintiff's assertion that the underlying material is presumptively truthful. (*See id*. at 23) (citing *Florida Star v. B.J.F.*, 491 U.S. 524, 534 (1989), for the authority that a court should not punish truthful publication of private facts.) Plaintiff seeks a

13

stamp of approval from this Court to forgive the prior unlawful conduct of others.

A leap even the analogous case presented by Plaintiff fails to make. *See Peck v. McCann*, Case No. 19-03450, 2021 WL 927639, *17 (10th Cir. March 11, 2021), *appeal filed* (April 12, 2021) (While the Tenth Circuit found a similar Colorado law to not be narrowly tailored, the plausible, less-restrictive alternative was to narrow the restricted speech from "any information" contained within the reports or records to "identifying information" from the reports or records.)

Distinguishable from the statute described in *Peck*, the CPSL identifies more than two dozen categories of information that shall be included in the statewide database, including, but not limited to, identifying information about the subject(s) of the report, the source of the report, whether services were provided or are planned to be provided, reasons the report of child abuse was determined to be founded, indicated, or unfounded, and reasons the report of general protective services was valid or invalid. 23 Pa. C.S.A. § 6336 (1)-(23). Nothing contained within states that these items are confidential or that these areas of information are prohibited from release. *See id.*

Separately, however, the CPSL identifies that any reports contained in the statewide database, including, but not limited to, report summaries of child abuse or reports written or photographs or X-rays taken concerning alleged instances of abuse shall be confidential. 23 Pa. C.S.A. § 6339. These confidential reports shall

only be made available to the individuals or entities enumerated within the chapter. 23 Pa. C.S.A. § 6340.

When read with the penalty provision contained in Section 6349, the release of the confidential report summaries or reports (or photographs) concerning alleged instances of abuse contained in the statewide database or county agency records, is narrowly tailored to the compelling government interest. Not all information, as Plaintiff suggests, is kept confidential. Further the alternatives offered by Plaintiff would be ineffective to achieve the goals of preventing the release of confidential materials. Even if the government did more to explain that the materials should not be shared by Bowie, nothing seems to suggest, based on the record presented that Bowie would have done anything different than share them with Mercado.

Presuming *arguendo* that this Court finds that the information is truthful and a criminal penalty is not narrowly-tailored, the fact remains that there is a second portion of the penalty provision – to deny access to the information to a person who willfully releases or permits the release of the confidential information – that is a less-restrictive alternative found in the statute. *See* 23 Pa. C.S.A. § 6349(b). The criminal penalty identified in Section 6349(b) is not the only substantive provision of that section and may be severed if found unconstitutional leaving a provision that prevents the disclosure of confidential material.

15

Nothing in the penalties provision prevents Plaintiff, or others, from asserting their beliefs that Bowie is innocent or that an agency CYS failed to take appropriate steps. Plaintiff has failed to identify any reason why the republication of the confidential material is essential to her speech, other than to harass, embarrass, or harm others, when she can otherwise proclaim what she desires to proclaim. The narrowly tailored law prohibits the release of confidential information that is created by these agencies during their investigations and maintained in the statewide database, regardless of truthfulness, for various periods of time.

The public has a right to engage in conversation surrounding Mullinix's death and to demand that government actors carry out their duties; however, it does not have a right to publish confidential material, such as case notes and physician records, related to Mullinix and his immediate family. Because Plaintiff, and others, may continue to espouse their beliefs without republishing the underlying confidential materials, the penalty provisions of the CPSL are narrowly-tailored and do not restrict speech any further than necessary to preserve the compelling governmental interest. As such, Defendant Shapiro respectfully requests that the penalty provisions of the CPSL are upheld and this action is dismissed.

16

C.      *The penalty provision is not overly broad.*

Plaintiff asserts that the penalty provision of the CPSL is substantially

overbroad. (*See* Doc. 10 at 27-30). Courts should determine whether a statute is

overbroad only as a last resort. *See Los Angeles Police Dep't v. United Reporting*

*Pub. Cor.*, 528 U.S. 32, 39 (1999).

Plaintiff asserts that the Court should read the penalty provision broadly

despite the fact that nothing within Section 6336, entitled "Information in

Statewide Database," states that these items are confidential or that these areas of

information identified are prohibited from release. (*See* Doc. 10 at 27-28). Plaintiff

contends that since a massive scope of information is excluded from public debate

and there is an unnecessary imposition of misdemeanor liability, the penalty

provision is substantially overbroad. (*See id*. at 30).

Incorporating arguments previously made, the scope of information

prohibited from release is narrow - the penalties provision of the CPSL only

prohibits the release of the confidential report summaries or reports (or

photographs) concerning alleged instances of abuse contained in the statewide

database or county agency records. *See* 23 Pa. C.S.A. § 6349(b). Because there is a

compelling government interest in protecting the release of child abuse information

and the prohibition on the release of that information is narrowly-tailored,

17

Plaintiff's facial challenge to the penalties provision of the CPSL fails and this Motion should be denied.

>    D.    *Schrader's as-applied challenge fails.*

Plaintiff contends that her right to free speech is curtailed if she should republish the confidential information obtained by Mercado. (*See* Doc. 10 at 30-31). As described in more detail in Section III, Plaintiff would not suffer irreparable harm. Nothing in the penalties provision prevents Plaintiff, or others from asserting their beliefs that Bowie is innocent or that an agency CYS failed to take appropriate steps. Plaintiff has failed to identify any reason why the republication of the confidential material is essential to her speech, other than to harass, embarrass, or harm others, when she can otherwise proclaim what she desires. As such, her as-applied challenge fails and this Motion should be denied.

## III.    Plaintiff Would Not Suffer Irreparable Injury if Preliminary Injunctive Relief Were Denied

To demonstrate irreparable harm, Schrader "must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.3d 797, 801 (3d Cir. 1989). The preliminary injunction must be the only way of protecting the plaintiff from harm. *Id.* The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs

heavily against a claim of irreparable harm. *Sampson v. Murray*, 415 U.S. 61, 90 (1964).

Schrader argues that the harm that would befall her, and others, would be the suppression of robust and uninhibited debate on matters of public concern. (*See* Doc. 10 at 37). That isn't correct. Nothing within the penalties provision of the CPSL prevents Schrader, or others, from advocating their beliefs that an agency investigation failed to take proper steps in protecting a child. The penalty provisions solely prohibit the publication of confidential internal documents in that endeavor.

Again, it is a stretch of advocacy to state that Plaintiff, or others, obtained the materials at issue here lawfully as the statute identifies how one may lawfully obtain this information. (*See* Doc. 10 at 32). Similarly, just because Mercado published the confidential information in the first instance, does not otherwise provide a stamp of approval that these materials can continuously be republished.

Additionally, Plaintiff identifies that there can be no harm to a nonmoving party because the information Plaintiff wishes to republish was already contained in news stories. (Doc. 10 at 32). Defendant Shapiro takes contention with the phrase "identical" in Plaintiff's argument. (*See id.*) The news stories that pre-date the first publishing of confidential material by Mercado describe information that is not identified as confidential in the CPSL. (*See* Doc. 10-3).

19

It wasn't until Mercado published notes by a case worker, as well as notes by physicians that this confidential information first appeared in news stories. (*See* Doc. 10-2 ¶ 18). By Plaintiff's own admission, these documents **may** lend support to Plaintiff's beliefs, but are not otherwise necessary to be republished to support her otherwise permitted speech. (*See id.* ¶ 19).

Finally, Schrader's requested relief against Defendant Shapiro is speculative in nature because Defendant Shapiro does not have the jurisdiction to bring charges against her based upon the facts presented. Irreparable injury requires a showing of any real or immediate threat that the plaintiff will be prosecuted by Defendant Shapiro. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 110-111 (1983) (Supreme Court upheld the dismissal of a claim where facts presented failed to demonstrate a real and immediate threat of injury.) Nor would Schrader be unable to redress any injury through available legal or equitable claims that could be brought for malicious prosecution or other similar theories.

Because Plaintiff would not suffer irreparable injury if the requested relief against Defendant Shapiro were denied, Plaintiff's motion for a preliminary injunction should be denied.

## IV.  Granting the Requested Relief Will Result in Greater Harm to the Nonmoving Party.

Assuming, *arguendo*, that Schrader has established the first two elements of the analysis, granting the requested relief would result in a greater harm to

Defendant Shapiro that outweighs any harm alleged by Schrader. The grant of

injunctive relief, including preliminary injunctive relief, is an extraordinary remedy

and it should only be granted in limited circumstances. *Am. Tel. & Tel. Co. v.*

*Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994). "The

injunction should issue only if the plaintiff produces evidence sufficient to

convince the district court that all four factors favor preliminary relief." *Issa v. Sch.*

*Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017).

Here, Schrader has not been prosecuted, threatened with prosecution, or

even contacted by anyone from the Office of Attorney General about her proposed

speech. (*See* Doc. 1 ¶¶ 23-26, 31). As identified above, however, while the

Attorney General has the power to prosecute criminal charges in a limited number

of specified situations, none of the limited exceptions applies in this instant action.

*See* 71 P.S. § 732-205(a).

Plaintiff asserts that the Attorney General could prosecute her: (i.) after

receiving a referral from a Commonwealth agency arising out of enforcement

provisions of a statute charging the agency with a duty to enforce (§ 732-

205(a)(6)); or, (ii.) upon a request of a district attorney who lacks the resources to

conduct an adequate investigation or where there is a potential for a conflict of

interest (§ 732-205(a)(3)). (*See* Doc. 1 ¶¶ 26, 28). But no facts have been averred

to establish the availability of either situation. In fact, Plaintiff identifies that

Defendant Sunday was capable of filing charges against Mercado without the need to refer the matter to the Attorney General. (*See id.* ¶ 17).

Finally, even if one of the limited scenarios for criminal prosecution was available here, the Attorney General "has exclusive authority and absolute discretion to decide whether to prosecute a case." *US. v. Nixon*, 418 U.S. 683, 693 (1974). Prosecutorial discretion in law enforcement is an essential part of the criminal justice system. *Shade v. Comm. of Pa., Dep't of Transp.*, 394 F. Supp. 1237, 1242 (Pa. 1975) (citations omitted).

As such, granting Schrader the requested relief of enjoining Defendant Shapiro from criminally prosecuting or taking any other adverse action against her for releasing confidential materials will result in a greater harm to Defendant Shapiro who can only prosecute this matter in situations not applicable here and, who should otherwise not be prohibited from his prosecutorial discretion. Because enjoining Defendant Shapiro would result in a great harm that outweighs any harm alleged by Schrader, the motion for preliminary injunction should be denied.

## V.    Public Interest Is Not Furthered By Enjoining the Attorney General

Plaintiff contends that she has demonstrated both a likelihood of success on the merits and irreparable harm. (*See* Doc. 10 at 33-34). For the reasons presented in this oppositional filing, Defendant Shapiro respectfully disagrees.

"Because one individual's speech has the ability to harm another person's reputation, there is an inevitable tension in the law between the goals of protecting freedom of expression and safeguarding reputation from unjust harm." *Am. Future Sys., Inc. v. Better Bus. Bureau of Eastern Pa.*, 923 A.2d 389, 395 (Pa. 2007). While the Pennsylvania Constitution, as well as the First Amendment, protects freedom of speech, *see* Pa. Const. art. I, § 7, the state charter places reputational interests on the highest plane, that is, on the same level as those pertaining to life, liberty, and property. *See* Pa. Const. art. I, § 1.

There is a strong public interest in maintaining the confidentiality of reports in the statewide database, or county agency records, to maintain protection for the person reporting the abuse, the alleged victim, and the alleged perpetrator until such time that more details are learned or obtained to bring necessary charges. Plaintiff is unable to succeed here because she is not in lawful possession of the underlying materials she wishes to republish and the information contained within those materials is not presumptively truthful.

## **<u>CONCLUSION</u>**

For these reasons, Defendant Shapiro respectfully requests that this

Honorable Court deny Plaintiff's motion for a preliminary injunction. If an

injunction is denied, the Court may dismiss the underlying Complaint as no other

form of relief against Defendant Shapiro is advanced.

Respectfully submitted,
JOSH SHAPIRO
Attorney General

By:    */s/ Nicole R. DiTomo*

NICOLE R. DITOMO
Senior Deputy Attorney General
Attorney ID 315325

Office of Attorney General
1000 Madison Avenue, Suite 310
Norristown, PA 19403
Phone: (610) 631-6205

KAREN M. ROMANO
Chief Deputy Attorney General
Civil Litigation Section

nditomo@attorneygeneral.gov

Date:  October 12, 2021

Counsel for Defendant Shapiro

24

## **CERTIFICATE OF WORD COUNT**

I, *Nicole R. DiTomo*, Senior Deputy Attorney General, hereby certify that this brief contains 5,377 words. In making this certificate, I have relied on the word count of the word processing system used to prepare this brief.

 *s/ Nicole R. DiTomo*
NICOLE R. DITOMO
Senior Deputy Attorney General

## **CERTIFICATE OF SERVICE**

I, Nicole R. DiTomo, Senior Deputy Attorney General, Office of Attorney

General, hereby certify that on October 12, 2021, I caused to be served a true and

correct copy of the foregoing document titled Brief in Opposition to Motion for a

Preliminary Injunction to the following:

VIA ECF:

Aaron D. Martin, Esquire
Stephen B. Edwards, Esquire
Mette, Evans & Woodside
3401 North Front Street
Harrisburg, Pa 17110
admartin@mette.com
sbedwards@mette.com
*Counsel for Plaintiff*

Sean E. Summers, Esquire
Summers Nagy Law Offices
35 South Duke Street
York, Pa 17401
ssummers@summersnagy.com
*Counsel for Defendant Sunday*

    */s/ Nicole R. DiTomo*
NICOLE R. DITOMO
Senior Deputy Attorney General