IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sarah Mercado, | : |
| Plaintiff, | : |
| vs. | : Civil Action No. _____ |
| Gregory M. Snyder, Judge of the Court of Common Pleas of York County, Pennsylvania, in his official capacity only, | : |
| Defendant. | : |

**Complaint**

*Introduction*

Plaintiff Sarah Mercado challenges two orders issued by Defendant Gregory M. Snyder, Judge of the York County Court of Common Pleas, in the nature of prior restraints violating her fundamental right of free speech under the First Amendment. Such orders were entered without notice to Mercado, without opportunity for Mercado to respond in writing, without hearing, and in a legal proceeding to which Mercado was never a party. The orders contain no explanation for their issuance.

These prior restraints violate Mercado's First Amendment right of free speech, both facially and as applied, by prohibiting her dissemination of documents containing truthful information about the workings of government, specifically

documents concerning the York County Office of Children, Youth and Families, against whom Mercado has publicly advocated for more than a year. Further—and perhaps most extraordinarily—the orders facially extend to the entirety of the world, including the media, and further mandate the immediate removal of documents Mercado had lawfully posted to the internet more than a year ago.

### I.     Parties

1.     Plaintiff is Sarah Mercado ("Mercado"), an adult individual residing in Adams County, Pennsylvania.

2.     Defendant is Gregory M. Snyder ("State Court Judge"), a judge of the Court of Common Pleas of York County, Pennsylvania ("State Court"), who is sued in his official capacity only.

### II.    Jurisdiction and Venue

3.     Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343. This case is brought under 42 U.S.C. § 1983. Attorneys fees are authorized by 42 U.S.C. § 1988.

4.     Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2), because the Middle District is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

5.     Plaintiff seeks relief that is equitable and declaratory in nature.

### III. Facts

6. On January 3, 2019, York County District Attorney David W. Sunday, Jr. ("Sunday"), by criminal information charged Tyree M. Bowie ("Bowie"), an adult male, in the death of D.M. ("D.M."), a two year-old child.

7. Mercado is D.M.'s aunt.

8. The case against Bowie is now pending in the York County Court of Common Pleas at criminal action no. 7558-2018.

9. The charges maintained by Sunday against Bowie include *inter alia* a count of murder in the first degree.

10. In the course of Bowie's case, Bowie obtained various documents in discovery concerning the investigation into D.M.'s death.

11. Prior to D.M.'s death, Mercado had made a report to the York County Office of Children and Youth Services ("York County CYF") pleading for intervention to protect D.M.'s welfare.

12. Among the documents produced to Bowie in discovery were certain documents that had been generated in the course of the York County CYF's response to Mercado's report ("CYF Documents").

13. The CYF Documents included information taken from a statewide database maintained by the Pennsylvania Department of Human Services ("Pa DHS") that contains information including reports, investigations and

determinations of suspected child abuse ("Statewide Database"). 23 Pa. C.S. § 6331; *cf.* 23 Pa. C.S. § 6303 (defining "department" as "The Department of Human Services of the Commonwealth").

14. After receiving the CYF Documents, Bowie transmitted the same to Mercado.

15. Mercado believes, and has asserted publicly, that Bowie is innocent of D.M.'s murder and that York County CYF failed to take appropriate steps against the actual guilty party despite her report to that agency.

16. Mercado created a Facebook group known as "Justice for Dante," alternately known as "justicefordante815," in support of her beliefs and has used the group Facebook page to publish various of the CYF Documents online and to condemn York County CYF's failure to act in the face of her report seeking D.M.'s protection.

17. On October 11, 2021, Mercado became aware of the issuance of an order of the State Court in the case against Bowie ("October 11, 2021 Order") that facially purports to restrain every person on earth in possession of the CYF Documents Mercado had received, including those already posted to the internet, from disseminating such documents and ordering that any such documents already posted online be taken down. A copy of the October 11, 2021 Order is attached as Exhibit A.

18. The October 11, 2021 Order states,

### ORDER

  AND NOW, TO WIT, it is hereby ordered and directed that any individuals in possession of any discovery material and/or Confidential Child Protective Services records related to D.M. and the prosecution of the above-captioned matter are hereby precluded from disseminating or distributing those records unless permitted by further Order of Court. Distribution shall include physically providing, mailing, emailing, and/or posting on the internet. All records that have been posted on the internet shall be removed.

            /s/ Gregory M. Snyder
            The Honorable Gregory M. Snyder

Exhibit A.

19. On October 12, 2021, the State Court issued a second order in the case against Bowie ("October 12, 2021 Order") which is nearly identical to the October 11, 2021 Order. A copy of the October 12, 2021 Order is attached as Exhibit B.

20. The October 12, 2201 Order contains the following additional language.

> Copies of this order shall be provided to the Clerk of Courts; Attorney Farley Holt, Counsel for Defendant; Attorney Erin Kraska of the District Attorney's Office and Attorney Aaron Martin, Counsel for Sarah Mercado and Victoria Schrader.

Exhibit B.[1]

---

[1] The October 11, 2021 Order and October 12, 2021 Order are referred to herein collectively as the "Prior Restraint Orders."

21. Mercado is not a party to Bowie's case, nor was she given any notice of any request for the issuance of either of the Prior Restraint Orders, given any opportunity to be heard on the issuance of either such order, nor given any notice that either of the Prior Restraint Orders had been issued until October 11, 2021, and October 12, 2021, respectively.

22. The Prior Restraint Orders substantially burden Mercado's ability to continue her public advocacy campaign against the York County CYF by using the CYF Documents, which Mercado asserts establish the agency's failures.

23. Because the Prior Restraint Orders were issued in a case in which Mercado has no standing as a party, she was afforded no state forum within which to contest either order prior to its issuance, yet she was immediately gagged from further disseminating the CYF Documents or even maintaining online any such documents as she had already uploaded.

24. Neither the State Court Judge, Sunday nor any other state or private actor offered or afforded to Mercado notice of any request for the Prior Restraint Orders, and Mercado in fact had no notice of any such request prior to their issuance, despite the orders being mandatory in nature, coercing Mercado to undertake affirmative action in derogation of her right of free speech upon implied threat of contempt.

25.     The Prior Restraint Orders are unconstitutional both facially and as applied to Mercado under the First Amendment.

26.     The Prior Restraint Orders are substantially overbroad in that they restrict the speech of any individual who has received information regarding the contents of the CYF Documents—including members of the media—and apply to any social media user who has downloaded and/or shared the content posted on the Justice for Dante page.

27.     The Prior Restraint Orders put Mercado in reasonable fear of civil and/or criminal process leading to coercive orders and/or punishment through the State Court's contempt powers if Mercado should continue to exercise her First Amendment right of free speech to further publish and distribute the CYF Documents or even simply to leave online such CYF Documents as she has already posted.

28.     The CYF Documents are lawfully in Mercado's possession and provide truthful information about the operations of government.

29.     Mercado has no adequate remedy at law to vindicate her fundamental right of speech under the First Amendment.

# Count I
## Denial of First Amendment Right of Free Speech
## U.S. Const. amend. I – As Applied Challenge
### (Declaratory and Injunctive Relief)

30. Mercado has a fundamental right under the First Amendment to disseminate the CYF Documents, conduct that the Prior Restraint Orders purport to prohibit.

31. The Prior Restraint Orders violate Mercado's right of free speech as applied.

WHEREFORE, Plaintiff Sarah Mercado prays the Court to,

1) DECLARE the Prior Restraint Orders and any enforcement by Defendant Snyder through contempt proceedings or the taking of other adverse action of any kind against Mercado UNCONSTITUTIONAL AS APPLIED to Mercado's right of free speech under the First Amendment;

2) PERMANENTLY ENJOIN Defendant Snyder from further enjoining, restraining, ordering, holding in contempt, or enforcing the Prior Restraint Orders through the issuance of coercive or penal orders, judgments or decrees, or taking any other adverse action of any kind against Mercado, for disseminating or distributing discovery material and/or Confidential Child Protective Services records related to D.M. and the prosecution of Tyree Bowie for the death of D.M., whether by physically providing, mailing, emailing, and/or posting the same on the

internet or otherwise failing to remove any such documents from the internet that Mercado has already posted or uploaded; and

3)     AWARD attorneys fees and costs of suit.

### Count II
### Denial of First Amendment Right of Free Speech
### U.S. Const. amend. I – Facial Challenge
### (Declaratory and Injunctive Relief)

32.    Mercado has a fundamental right under the First Amendment to disseminate the CYF Documents, conduct that the Prior Restraint Orders facially prohibit.

33.    The Prior Restraint Orders are substantially overbroad in that they restrict the speech of any individual—including members of the media—who has received any of the CYF Documents and extend to any social media user who has downloaded and/or shared such content posted on the Justice for Dante page.

WHEREFORE, Plaintiff Sarah Mercado prays the Court to,

1)     DECLARE the Prior Restraint Orders FACIALLY UNCONSTITUTIONAL and in violation of Mercado's right of free speech under the First Amendment;

2)     PERMANENTLY ENJOIN Defendant Snyder from further enjoining, restraining, ordering, holding in contempt, or enforcing the Prior Restraint Orders through the issuance of coercive or penal orders, judgments or decrees, or taking any other adverse action of any kind against Mercado or any member of the public,

including members of the media, for disseminating or distributing discovery material and/or Confidential Child Protective Services records related to D.M. and the prosecution of Tyree Bowie for the death of D.M., whether by physically providing, mailing, emailing, and/or posting the same on the internet or otherwise failing to remove any such documents from the internet that Mercado or any member of the public, including the media, has already posted or uploaded; and

    3)    AWARD attorneys fees and costs of suit.

                                Respectfully submitted,

                                **METTE, EVANS & WOODSIDE**

By: _____
                                Aaron D. Martin
                                Pa. Attorney I.D. No. 76441
                                Stephen B. Edwards
                                Pa. Attorney I.D. No. 326453
                                3401 North Front Street
                                Harrisburg, PA 17110
                                (717) 232-5000
                                admartin@mette.com
                                sbedwards@mette.com

                                *Attorneys for Plaintiff,*
                                *Sarah Mercado*

Date: October 12, 2021.